67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold James Walton, a/k/a Do-Man, a/k/a Lic Lic, Defendant-Appellant.
 No. 94-5311.
 United States Court of Appeals, Fourth Circuit.
 Decided Sept. 25, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-93-55)
 Raymond Ellis Davis, Roanoke, VA
 Robert P. Crouch, Jr., and Thomas J. Bondurant, Jr., Asst. U.S. Atty., Roanoke, VA
 Before WILKINSON and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Harold James Walton was convicted on one count of conspiracy to distribute cocaine base ("crack"), in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to imprisonment of 240 months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising four issues but stating that, in his view, there are no meritorious issues for appeal. Walton did not file a supplemental brief, although he was advised of his right to do so. Finding no error, we affirm.
 
 
 2
 * Testimony at trial revealed that in the summer of 1992, a Washington, D.C. drug dealer known as "Tiny" began selling crack in Clifton Forge, Virginia. Tiny later took Walton to Clifton Forge to sell crack for him. Tiny either delivered the drug to Walton, or Walton traveled to Washington to replenish his supply.
 
 
 3
 From late summer 1992 until his arrest in February 1993, Walton sold crack on an almost daily basis at the Clifton Forge home of Dolly and Cathy Vanness. Walton had between ten and twenty regular customers. One witness testified that she bought, on average, between two and four grams of crack from Walton every weekend that Walton was in business. Just before Walton's arrest, she purchased ten grams of crack from him. Another witness testified about buying one-quarter gram to one-half gram of crack four or five times a day for two or three months. A third witness bought up to two grams of crack from Walton four or five times each day between August and early December 1992.
 
 
 4
 Following his arrest, Walton admitted that he had sold crack for two months, that on four occasions he had transported between seven and fourteen grams of crack from Washington to Clifton Forge, and that $3000 seized from his person was drug proceeds. While being searched after his arrest, Walton grabbed a plastic baggie from his groin area and flushed it down a toilet. Witnesses testified that Walton routinely secreted crack in his groin area.
 
 II
 
 5
 Counsel's first contention is that there was insufficient evidence to support the jury's verdict. A jury's verdict will be sustained if, viewing the evidence in the light most favorable to the United States, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 6
 To sustain a conspiracy conviction, the Government must establish that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that he voluntarily became part of the conspiracy. United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). Given Walton's confession, his relationship with Tiny, and the testimony of various witnesses about their extensive drug dealing with Walton, we hold that there was constitutionally sufficient evidence to convict Walton of conspiracy to distribute crack.
 
 III
 
 7
 The second argument raised on appeal is that the district court erred when it refused to instruct the jury that "[m]ere proof of a buyer/seller relationship is not enough to convict one as a coconspirator on drug conspiracy charges." We have previously held that a district court may properly refuse to give such a "buy-sell" instruction if the evidence reveals that the relationship between the alleged conspirators goes beyond that of a mere buy-sell transaction. United States v. Mills, 995 F.2d 480, 484-85 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993).
 
 
 8
 In light of Walton's multiple sales of crack, Tiny's recruitment of Walton to move to Clifton Forge and sell drugs for him, and Tiny's and Walton's trips between Clifton Forge and Washington to replenish Walton's crack supply, we find that the evidence sufficiently showed that Walton's participation went further than a mere buy-sell relationship. The district court did not err in failing to give the requested instruction. See also United States v. Innamorati, 996 F.2d 456, 484 (1st Cir.1993), cert. denied, 62 U.S.L.W. 1073 (U.S.1994).
 
 IV
 
 9
 Counsel contends that the district court incorrectly determined the quantity of crack attributable to Walton. In this case, the district court found that the evidence established that Walton sold more than fifty grams of crack. This finding was based on the testimony of three of Walton's customers about the frequency and amounts of their purchases, Walton's statement that $3000 of the money seized when he was arrested constituted drug proceeds, and the price ($100 per gram) of crack in Clifton Forge. We find no clear error in the district court's factual finding. See United States v. Goff, 907 F.2d 1441, (4th Cir.1990).
 
 V
 
 10
 The final ground raised is that the penalties for crack offenses, which are more severe than those for offenses involving powder cocaine, violate the Equal Protection Clause. This Court has soundly rejected this argument. United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994).
 
 VI
 
 11
 As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm Walton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 AFFIRMED